# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **JEFFREY CROWE,** ) | |
| ) | |
|    **PLAINTIFF,** ) | |
| ) | |
| **V.** ) | **CIVIL ACTION NUMBER:** |
| ) | |
| **DYCK-O'NEAL, INC.,** ) | |
| ) | |
|    **DEFENDANT.** ) | |

## PLAINTIFF'S COMPLAINT

1. This is an action brought by the Plaintiff, Jeffrey Crowe, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and related state law claims.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3. The Plaintiff is a resident and citizen of the state of Alabama, St. Clair County, and is over the age of twenty-one (21) years.

4. The Defendant, Dyck-O'Neal, Inc. ("Dyck-O'Neal"), is incorporated in Texas and was, in all respects and at all times relevant herein, doing business in the state of Alabama. The Defendant is engaged in the business of collecting consumer debts from consumers

residing in St. Clair County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

5. The principal purpose of Dyck-O'Neal's business is the collection of debts.

6. Dyck-O'Neal regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another.

7. Dyck-O'Neal is a debt collector subject to the provisions of the FDCPA.

8. The Plaintiff is a "consumer" and the defendant is a "debt collector" as defined by the FDCPA.

9. On or about January 5, 2007, Plaintiff executed a note and mortgage with lender Taylor, Bean & Whitaker Mortgage Corp. that secured Plaintiff's property located at 635 Pineheart Drive Remlap, AL 35122.

10. At some point thereafter, Taylor, Bean & Whitaker Mortgage Corp. allegedly assigned the note to Nationstar Mortgage LLC.

11. On our about July 30, 2015, Nationstar Mortgage LLC foreclosed on the Plaintiff's property and transferred the ownership interest from Plaintiff to itself as evidenced by the Mortgage Foreclosure Deed recorded in the St. Clair County Probate Office at Book/Page: 2015/9961 on August 27, 2015.

12. In or about November 2015, Dyck-O'Neal allegedly acquired the account and began dunning Plaintiff and his wife, Denise Crowe, with collection letters at their new address at 4683 Washington Valley Road Springville, AL 35146.

13. Around the same time, Dyck-O'Neal began collection calls to Plaintiff's parent's home landline assigned to phone number 205-467-6776.

14. Plaintiff's father, Zane Ferguson, on at least one occasion spoke with a Dyck-O'Neal female collector.

15. During the call, the Dyck-O'Neal collector disclosed information regarding the debt to Zane Ferguson and asked him to relay the message for Plaintiff or his wife to contact Dyck-O'Neal regarding the debt.

16. Zane Ferguson did relay the message to Plaintiff and his wife.

17. Zane Ferguson continues to receive robocalls from Dyck-O'Neal regarding the Plaintiff's alleged debt.

18. The actions done were done willfully and knowingly.

19. As a result of this disclosure to a third party, Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

20. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

21. The Defendant has engaged in collection in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*.

22. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, actual damages, and punitive damages.

## COUNT TWO
## NEGLIGENCE

23. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

24. Defendant knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

25. Defendant knew or should have known that said conduct was improper.

26. Defendant negligently failed to prevent and/or participated in improper collection activities.

27. As a result of the Defendant's negligence, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESSNESS AND WANTONNESS

28. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

29. Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

30. Defendant knew or should have known that said conduct was improper.

31. Defendant recklessly and wantonly failed to prevent and/or participated in improper collection activities.

32. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## NEGLIGENT TRAINING AND SUPERVISION

33. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

34. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

35. The Defendant knew or should have known that said conduct was improper.

36. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

37. The Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to consumer's accounts.

38. As a result of the Defendant's negligence, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

## COUNT FIVE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

39. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

40. The Defendant knew or should have known the status of the alleged debts and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

41. The Defendant knew or should have known that said conduct was improper.

42. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

43. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to consumer's accounts.

44. As a result of the Defendant's recklessly and wanton conduct, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT SIX
## INVASION OF PRIVACY AGAINST THE DEFENDANT COLLECTORS

45. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

46. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings: Abusive debt collection practices contribute to the number of personal bankruptcies, to marital

instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a) (emphasis added).

47. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

48. Said invasions were intentional, willful, and malicious, and violated Plaintiff's privacy. Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

49. Said communications constitute the wrongful intrusion into their solitude and seclusion.

50. As a result of the Defendant's conduct, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT SEVEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

52. The Plaintiff alleges that the Defendant's actions alleged were done willfully, maliciously, outrageously, deliberately, and purposely with the intention to inflict emotional distress upon the Plaintiff and/or were done in reckless disregard of the probability of causing the Plaintiff emotional distress, and these acts did in fact result in severe and extreme emotional distress.

53. As a result of the Defendant's conduct, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

### AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demand a judgment against the Defendants as follows:

A. Declaratory judgment that the Defendants' conduct violated the FDCPA and state law;

B. Statutory damages;

C. Compensatory, actual, and punitive damages;

D. Costs and reasonable attorney's fees;

E. Such other and further relief that this Court deems necessary, just and proper.

### PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/S/ W. Whitney Seals
W. WHITNEY SEALS,
Attorney for Plaintiffs

**OF COUNSEL:**
PATE & COCHRUN, LLC
P.O. Box 10448
Birmingham, Alabama 35202-0448
(205) 323-3900
(205) 323-3906 (fax)
filings@plc-law.com

/S/ John C. Hubbard
JOHN C. HUBBARD,
Attorney for Plaintiffs

**OF COUNSEL:**
JOHN C. HUBBARD, LLC
P.O. Box 953
Birmingham, Alabama 35201
(205) 378-8121
(205) 690-4525 (fax)
jch@jchubbardlaw.com

**Plaintiff's Address:**
**JEFFREY CROWE**
4683 Washington Valley Road
Springville, AL  35146

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**DYCK-O'NEAL, INC.**
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104